IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILFRED E. TARVER SEAGRAVES, II,  ) | |
|                 Plaintiff,  ) | |
| v.                                                              ) | No. 3:14-CV-4080-L |
|                                                                   ) | |
| BRANDON THOMAS KOCH and      ) | |
| JEFF BULCHWALD,                          ) | |
|                 Defendants.  ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.  Background**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Dallas police officer Brandon Thomas Koch and defense attorney Jeff Bulchwald. Process has not issued pending preliminary screening.

Plaintiff states that Officer Koch falsified a police report to charge Plaintiff with possession of a controlled substance. Plaintiff states his defense attorney, Jeff Bulchwald, did not adequately investigate his claims regarding the alleged falsified report. Plaintiff seeks money damages.

**II.  Screening**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it

concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*." Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III.    Discussion

**1.    Officer Brandon Thomas Koch**

Plaintiff claims Officer Koch falsified a police report to charge Plaintiff with possession of a controlled substance. The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), holds that a prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

In this case, the criminal charges against Plaintiff are currently pending. (*See* Magistrate Judge's Questionnaire, Answer No. 1.) Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson*

*v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**2.     Jeff Bulchwald**

Plaintiff claims his defense attorney, Jeff Bulchwald, did not adequately investigate his case. Defense attorneys, however, are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Mills v. Criminal Dist. Court. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Eaves v. Texas*, 427 Fed. Appx. 378, 379 (5th Cir. 2011). Plaintiff's claims against Defendant Bulchwald should be summarily dismissed.

**IV.     Recommendation**

The Court recommends that (1) Plaintiff's claims against Defendant Koch be dismissed with prejudice until the *Heck* conditions are met, and (2) Plaintiff's remaining claims be summarily dismissed under 28 U.S.C. § 1915(e)(2).

Signed this 2nd day of February, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).