**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WILFRED E. TARVER SEAGRAVES, II,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-4080-L |
| | § | |
| **BRANDON THOMAS KOCH** and | § | |
| **JEFF BULCHWALD,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

This case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on February 2, 2015, recommending that the court dismiss this action. Plaintiff has filed no objection as of the date of this order. Plaintiff sent two letters to the court expressing his frustration with his inability to communicate or receive what he perceives as appropriate representation from his criminal defense counsel, Defendant Jeff Bulchwald ("Bulchwald"). The magistrate judge attempted to send correspondence to Plaintiff, but his letter was returned as undeliverable, as Plaintiff is purportedly no longer in the Dallas County Jail.

As to Plaintiff's claims against Bulchwald, the court determines that the magistrate judge properly concluded that defense attorneys are generally not state actors. *Mills v. Criminal Dist. Court. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). The court further notes that there is "no factual basis in Plaintiff's complaint to support a conclusion that Bulchwald conspired with state officials. *Id.* Plaintiff alleges that his attorney knew that the police falsified an affidavit and that he refuses

to respond to Plaintiff's requests for action. This, however, does not amount to a conspiracy; rather, the attorney's actions "clearly reflect independent judgments and actions of the private attorney in the course of representing the defendant during trial." *Id.* Ultimately, "[a]lthough [Plainitff's] allegations may support an ineffective assistance of counsel claim, they do not support a claim of conspiracy." *Id.*

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **determines** that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses with prejudice** Plaintiff's claims against Defendant Brandon Thomas Koch until the conditions of *Heck*[*] are met and **dismisses with prejudice** Plaintiff's claims against Jeff Bulchwald. The court will issue a judgment in a separate document pursuant to Federal Rule of Civil Procedure Rule 58(a).

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report and the court's order accepting the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the foregoing orders, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*,

---

[*] *See Heck v. Humphrey*, 512 U.S. 477, 486-97 (1994) ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.").

117 F.3d at 202; Fed. R. App. P. 24(a)(5).  In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

    **It is so ordered** this 31st day of March, 2015.

                                            Sam A. Lindsay
                                            United States District Judge